**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NARCISO CUARESMA, Jr., | No. 16-16946 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02192-JAM-EFB |
| v. | |
| FARMERS GROUP DISABILITY INCOME PLAN, an ERISA Plan and LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted April 12, 2018
San Francisco, California

Before:  W. FLETCHER and TALLMAN, Circuit Judges, and MORRIS,** District Judge.

Narciso Cuaresma, Jr. appeals the district court's order granting summary

judgment for Farmers Group Disability Income Plan ("the Plan") and Liberty Life

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

Assurance Company of Boston ("Liberty"). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand. Liberty will be required to process Cuaresma's claim properly and allow Cuaresma an appropriate length of time to submit proof of his claim.

Cuaresma filed this action against Liberty and the Plan on October 21, 2015. Cuaresma alleges that Liberty improperly denied his claim for long-term disability benefits on October 30, 2014, before Liberty had received the claim forms that constituted Cuaresma's proof of claim. The complaint alleges that Cuaresma submitted a timely, complete application for long-term disability benefits on September 10, 2015. The district court erred when it granted Liberty's motion for summary judgment on their sixth affirmative defense that Cuaresma had failed to exhaust his administrative remedies.

Liberty issued a Group Disability Income Policy ("the Policy") to Farmers Group, Inc. that insures long-term disability benefits under the Plan. Liberty possesses the exclusive authority to decide and pay claims for long-term disability benefits under the Policy. Liberty will pay monthly long-term disability benefits to "Covered Persons" after they complete an "Elimination Period" of twenty-six weeks.

The Covered Persons must provide proof of current "disability" no later than thirty days after the end of the Elimination Period. To be "disabled" for purposes

of long-term disability benefits, the claimant must show that he or she "is unable to perform all of the material and substantial duties of his occupation on an Active Employment basis because of an Injury of Sickness." Liberty possesses no obligation to pay a monthly benefit after the end of the Elimination Period unless it "receives proof that a Covered Person is Disabled due to Injury or Sickness and requires the regular attendance of a Physician."

Liberty wrote to Cuaresma on September 19, 2014, to advise him that Liberty would begin reviewing his claims for long-term disability benefits. Cuaresma had not yet made any claim for those benefits. Liberty advised that the twenty-six weeks provided for short-term disability benefits would end on October 21, 2014.

Liberty's letter included six forms to be completed and returned by Cuaresma. Liberty informed Cuaresma that the Policy required him to return the enclosed claim forms and any remaining medical records by November 2, 2014.

Liberty sent various other letters and telephone reminders to Cuaresma requesting the claim forms and medical records by November 3, 2014. Liberty decided Cuaresma's long-term disability claim on October 30, 2014, before having received the claim forms and before either of the dates that Liberty stated that they would make the determination. Liberty determined that Cuaresma did not qualify as "disabled" based on the totality of the medical and vocational evidence.

16-16946

Liberty's denial letter stated that Cuaresma's medical records and treating physicians support "full time work, 8 hours a day 5 days a week."

Liberty advised Cuaresma of his right to request a review and that he was required to request such review within 180 days of having received the denial letter. Cuaresma did not appeal the denial. Liberty received a letter from Cuaresma on September 15, 2015. This letter included Cuaresma's completed application for long-term disability benefits. Cuaresma claimed that "Liberty Mutual issued a decision on [his] long term disability claim without receiving his required long term disability proof of claim."

A genuine issue of fact exists regarding whether Liberty improperly denied Cuaresma's claim for long-term disability benefits before the full amount of time authorized under the Policy to submit materials had expired. Liberty, in all communications with Cuaresma, advised him that he had until either November 2, 2014, or November 3, 2014, to submit any materials that Cuaresma wanted to be considered as part of his claim for long-term disability benefits. Liberty denied Cuaresma's claim prematurely on October 30, 2014.

Liberty further indicated in its denial letter that Cuaresma's medical records and treating physicians supported the conclusion that Cuaresma could perform full time work, 8 hours a day, 5 days a week. A genuine issue of fact exists regarding Liberty's reliance on this determination in its denial letter. This sentence had been

16-16946

crossed out by Cuaresma's treating physician and had been returned to the Liberty doctor conducting the review on October 28, 2014. Cuaresma's treating physician replaced this determination with the following: "Pt has had recurrent angina in the past when he has returned to work."

A genuine issue of fact also remains regarding the specific deadline set by Liberty for the return of the claim forms. The Policy provides that proof of claim must be given to Liberty no later than thirty days after the end of the Elimination Period. Cuaresma worked until April, 22, 2014. The Elimination Period ended on October 22, 2014. Cuaresma's proof of claim should have been due thirty days after October 22, 2014. This would have given Cuaresma until sometime in mid-to-late November to complete the claim forms, not November 2, 2014, or November 3, 2014, as Liberty repeatedly stated.

Genuine issues of fact remain regarding whether Liberty properly handled and denied Cuaresma's long-term disability benefits claim. We reverse and remand with instructions to the district court to remand this case to Liberty to fully evaluate the merits of Cuaresma's claim in compliance with the Policy. *See Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 907 (9th Cir. 2016).

Appellees shall bear the costs of appeal. *See* Fed. R. App. P. 39(a)(3).

**REVERSED AND REMANDED.**